CLOSED

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| KIM RAGLAND,<br><br>        Petitioner,<br><br>    v.<br><br>JAMES BARNES,<br><br>        Respondents. | Civil Action No. 14-2381 (WJM)<br><br>**MEMORANDUM and ORDER** |

**THIS MATTER** is before the Court upon the filing by *pro se* Petitioner Kim Ragland of a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, and it appearing that:

1. The § 2254 Petition challenges the duration of Ragland's confinement under a judgment of conviction filed in the Superior Court of New Jersey, Union County, on March 14, 2014. (Petition, ECF No. 1 at 2.)  In the Petition, Ragland argues that " Petitioner is entitled to jail credit for time served in custody on multiple offenses and must be immediately released for serving a term beyond the maximum court imposed sentence[.]"  *Id.* at 5.

2. The Petition does not assert that Petitioner's detention violates the Constitution, laws or treaties of the United States, and Ragland did not prepay the $5 filing fee or submit an application seeking permission to proceed *in forma pauperis*.

3. Section 2254 confers jurisdiction on District Courts to issue "writs of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  To invoke habeas corpus review by a federal court under § 2254, the petitioner must satisfy two jurisdictional requirements:  the status requirement that the person be "in custody,"

and the substance requirement that the petition challenge the legality of that custody on the ground that it is in violation of the Constitution or laws or treaties of the United States. *See Maleng v. Cook*, 490 U.S. 488, 490 (1989); *see also Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013). Consistent with these jurisdictional requirements, Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts provides that a § 2254 petition must "specify all the grounds for relief available to the petitioner," "state the facts supporting each ground," and follow the form appended to the rules or prescribed by a local district-court rule. 28 U.S.C. § 2254 Rule 2(c)(1), 2(c)(2), 2(d). Local Civil Rule 81.2 also provides:

> Unless prepared by counsel, petitions to this Court for a writ of *habeas corpus* . . . shall be in writing (legibly handwritten in ink or typewritten), signed by the petitioner or movant, on forms supplied by the Clerk.

L. Civ. R. 81.2(a).

4. In this case, the § 2254 Petition filed by Kim Ragland is deficient for the following reasons: (a) the Petition does not confer subject matter jurisdiction on this Court because it fails to assert any ground on which Ragland claims that his custody violates the Constitution laws or treaties of the United States, as required by 28 U.S.C. § 2254(a); and (b) the Petition is not on the form supplied by the Clerk for § 2254 petitions, *i.e.,* AO 241 (modified):DNJ-Habeas-008 (Rev.01-2014), as required by Local Civil Rule 81.2(a).

**THEREFORE**, it is on this 4th day of June, 2014,

**ORDERED** that, for the reasons set forth in paragraph 4 of this Order, the Clerk shall administratively terminate this case; and it is further

**ORDERED** that Petitioner is informed that administrative termination is not a "dismissal; and it is further

**ORDERED** that the Clerk shall forward to Petitioner a blank current habeas petition form—AO 241 (modified):DNJ-Habeas-008(Rev.01-2014), and a bland application to proceed *in forma pauperis* in a habeas case; and it is further

**ORDERED** that the Clerk's service of the blank habeas petition form shall not be construed as this Court's finding that the original petition is or is not timely, or that this Court has subject matter jurisdiction, or that exhaustion of state court remedies is not required by 28 U.S.C. § 2254(b) and (c); and it is further

**ORDERED** that if Petitioner wishes to reopen this case, then he shall so notify the Court, in writing addressed to the Clerk, within 30 days of the date of entry of this Memorandum and Order; Petitioner's submission shall include:  (a) the $5 filing fee or an application to proceed *in forma pauperis* in a habeas case; and (b) a complete, signed habeas petition on the form supplied by the Clerk, which petition shall specify at least one ground on which Petitioner claims that his detention violates the Constitution, laws, or treaties of the United States, *see* 28 U.S.C. § 2254(a), and specifies the facts supporting each ground, and sets forth all information requested on the form, to the extent that Petitioner has knowledge of same; and (c) a request that the Clerk change Petitioner's address on the docket, if Petitioner is no longer confined at Mid-State Correctional Facility; and it is further

**ORDERED** that, if Petitioner files the above described forms within 30 days of the date of the entry of this Order, then this Court will direct the Clerk to reopen this case and this Court will determine if summary dismissal is required by Rule 4 of the Rules Governing Section 2254 Cases;[1] and it is finally

---

[1] Habeas Rule 4 provides that, prior to service of a § 2254 petition, the District Judge must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]"  28 U.S.C. § 2254 Rule 4.

**ORDERED** that the Clerk shall serve this Memorandum and Order upon Petitioner by regular U.S. mail at the address on the docket and at Northern State Prison, P.O. Box 2300, Newark, New Jersey 07114, together with the aforesaid forms, and shall administratively terminate the case for statistical purposes.

s/William J. Martini

**WILLIAM J. MARTINI, U.S.D.J.**